UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

JAMELL WILLIAMS,

                Plaintiff,        MEMORANDUM AND
                                                 ORDER
     - against -

METROPOLITAN DETENTION CENTER,       Civil Action No.
MICHAEL A. ZENK, WARDEN, DR.        CV-04-3448 (DGT)
MIDDLETON, HEAD OF MEDICAL STAFF,
DR. HUNT,

                Defendants.
---------------------------------------x

TRAGER, J.

     Plaintiff Jamell Williams ("Williams") brings this civil rights action pro se, pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), against defendants Metropolitan Detention Center ("MDC"), MDC Warden Michael A. Zenk ("Warden Zenk"), MDC Head of Medical Staff Dr. Middleton, and Dr. Hunt, a member of the medical staff at the MDC. Williams is seeking unspecified monetary damages for pain and suffering caused by defendants' negligent medical care while a prisoner at the MDC. Defendants have moved for dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) or Rule 12(b)(6), or, alternatively, for summary judgment under Rule 56 on the grounds that Williams failed to exhaust his administrative

remedies. For the following reasons, Williams's claims against defendants are dismissed.

**Background**

**(1)**

**Medical History**

On October 1, 2003, Williams was transferred from state prison to the MDC, where he is currently incarcerated. (Williams Aff. Opposing Summ. J. ("Williams Aff.") at 5; Compl. at 4.) Williams was scheduled to have a bladder stone surgically removed while in state prison but was transferred to the MDC prior to the surgery. (Williams Aff. at 5.) Upon arrival at the MDC, Williams underwent medical testing to verify his condition and to schedule treatment. (Id.) The MDC medical staff initially prescribed Tylenol. (Compl. at 4.) Surgery was scheduled when Williams was examined again two weeks later but the surgery was then cancelled. (Id.) Williams subsequently filed many "sick call slips" due to an infection and was prescribed antibiotics, after which surgery was again scheduled and again cancelled. (Id.) Williams then spoke with Warden Zenk personally regarding his need for more medical attention and was assured by Warden Zenk that he would look into the matter. (Id.) Neither Warden Zenk nor any member of the medical staff contacted Williams to follow up after this discussion. (Id.)

Several months later, Williams developed a urinary tract infection due to his bladder stone. (Id.) At Williams's request, his lawyer contacted Warden Zenk to request action on May 11, 2004. (Id.) The lawyer's letter resulted in a May 15, 2004 hospital visit during which Williams was prescribed Motrin, an anti-inflammatory drug. (Id. at 4-5.) Despite extreme pain and the presence of blood in his urine, Williams was sent back to the MDC where he received no further medical care for another two months. (Id. at 5.) At Williams's request, his lawyer again contacted Warden Zenk on July 13, 2004. (Id.) This resulted in another hospital visit on July 22, 2004 but no surgery was scheduled and no antibiotics were prescribed for his infection. (Id. at 5,4.)

As a result of the MDC's failure to take action to treat his medical condition, Williams then wrote to Judge Edward R. Korman, Chief Judge, United States District Court for the Eastern District of New York. (Id. at 5.) The pro se clerk's office replied to Williams and notified him that the court could not act upon a letter, only upon a complaint or a petition, and enclosed a 42 U.S.C. § 1983 Complaint Form for his convenience. (Pro Se Clerk's Letter to Williams, July 29, 2004.) Williams filed the present civil suit on August 11, 2004. (Compl. at 1.)

Williams received medical treatment – a surgical procedure necessary to treat his condition – on October 7, 2004, over a year after he was transferred to the MDC and only after filing the present suit. (Williams Aff. at 3-4.)

**(2)**

**Administrative History**

Declarant Rina Desai (Desai), Staff Attorney for the Bureau of Prison ("BOP"), asserts that the MDC has a prisoner grievance procedure in place and that all inmates are given an Admission and Orientation (A & O) booklet that outlines the BOP's policies and procedures to be followed should an inmate wish to seek an administrative remedy. (Desai Decl. ¶ 2.) The A & O booklet advises inmates that the BOP's four-step administrative remedy process requires inmates to first attempt to resolve a complaint informally with prison staff. (Id. at 2); 28 C.F.R § 542.13. If the inmate is unable to resolve his complaint through informal means, he may then direct his formal complaint to the warden in a written administrative remedy request. 28 C.F.R § 542.14. If the complaint is not resolved through communication with the warden, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15(a). As a final step, the inmate may appeal to the Office of the General Counsel. Id.

Williams acknowledges that the MDC has a prisoner grievance procedure in place and claims that he presented the facts asserted in his complaint within the prisoner grievance procedure. (Compl. at 2.) The procedural steps he asserts that he took include several oral discussions with Warden Zenk, letters written to Warden Zenk by Williams's lawyer and letters written by Williams directly to the medical staff. (Id.)

Desai asserts that BOP records show that Williams submitted a Request for Administrative Remedy, the second step of the administrative process, on August 9, 2004 and that this request was denied for failure to first attempt informal resolution through his unit counselor. (Desai Decl. ¶ 4.) BOP records also show that Williams subsequently failed to resubmit this request in proper form. (Id.) The records show that Williams also never filed an administrative tort claim, as required for a claim under the FTCA. (Id. at ¶ 5.)

**Discussion**

When considering a 12(b)(6) motion for failure to state a claim or a 12(b)(1) motion for lack of subject matter jurisdiction, a court must accept all factual allegations of the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). When considering a 12(b)(6)

motion, a court must limit itself to the facts provided in the complaint and its attached documents and exhibits. Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). If a court relies on additional materials, the motion to dismiss should be converted to a motion for summary judgment. Id.; Fed. R. Civ. P. 12(b). A court may, however, refer to supplemental material without relying or basing its decision upon them without converting a 12(b)(6) motion into a motion for summary judgment. Hayden, 180 F.3d at 54.

Summary judgment is appropriate if there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As moving parties, the defendants in this action bear the burden of demonstrating the absence of a genuine issue of material fact. Baisch v. Gallina, 346 F.3d 366, 371 (2d Cir. 2003). A court ruling on a summary judgment motion must construe the facts in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

As Williams is proceeding pro se, his complaint must be reviewed carefully and liberally, and be interpreted to "raise the strongest argument" it suggests. See e.g., Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quotations omitted).

Williams's complaint does not specify the legal theories upon which it relies, but in construing his complaint to raise its strongest arguments, it will be interpreted to raise claims under both 42 U.S.C. § 1983 and the FTCA. See <u>Dufort v. Burgos</u>, No. 04-CV-4940, 2005 WL 2660384, at *2 (E.D.N.Y. Oct. 18, 2005).

### (1)

### <u>Bivens</u> Claim

Section 1983 generally provides relief only in situations where defendants act under color of state law, but Williams's complaint can be read to bring a claim under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for constitutional violations by federal agents acting in their individual capacities. See <u>Liffiton v. Keuker</u>, 850 F.2d 73, 78 (2d Cir. 1988) (stating that § 1983 claims against federal defendants in their individual capacities can be treated as <u>Bivens</u> actions).

Sovereign immunity protects the federal government and its agencies from suit, absent a waiver. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994). As such, the federal government and its agents are protected from <u>Bivens</u> claims for acting in their official capacities. <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 510 (2d Cir. 1994). As the MDC is a part of the BOP, a

federal agency, Williams's claims against the MDC and the federal officers in their official capacities are dismissed on the grounds of sovereign immunity. See id.

Defendants argue that Williams's remaining claims against the federal officers acting in their individual capacities should be dismissed because Williams failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"). (Def. Mem. 4.) Section 1997e(a) of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2005).

The requirement applies to all prison suits, whether they concern ongoing prison conditions or individual episodes that have already occurred, and applies equally to Bivens claims. See Porter v. Nussle, 534 U.S. 516, 532 (2002) (holding that the exhaustion requirement applies to all inmate suits about prison life including allegations of excessive force); Thomas v. Ashcroft, No. 02-CV-5746, 2004 WL 1444735, at *7 (S.D.N.Y. 2004) ("[F]ederal prisoners suing under Bivens must first exhaust inmate grievance procedures just as state prisoners must exhaust

administrative processes prior to initiating a § 1983 suit."). The statute also requires that prisoners seeking monetary damages exhaust available prison remedies regardless of the actual availability of the requested damages through the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001) (holding that Congress has made it clear that exhaustion is required even if the plaintiff seeks damages not available as relief in the administrative procedure).

The exhaustion requirement is not jurisdictional in nature, but is an affirmative defense. McCoy v. Goord, 255 F. Supp. 2d 233, 247 (S.D.N.Y. 2003). "'An affirmative defense may be raised by a ... motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.'" Brito v. Vargas, No. 01-CV-7753, 2003 WL 21391676, at *2 (E.D.N.Y. June 16, 2003) (quoting McCoy, 255 F. Supp. 2d at 249.). The failure of a complaint to show that the exhaustion requirement has been satisfied can be sufficient grounds to grant a 12(b)(6) motion to dismiss. See McCoy, 255 F. Supp. 2d at 249 ("If failure to exhaust is apparent from the face of the complaint . . . a Rule 12(b)(6) motion is the proper vehicle."). See also, Brito, 2003 WL 21391676, at *2 (finding that it was clear on the face of the complaint that the exhaustion requirement had not been met and that dismissal under

Rule 12(b)(6) was appropriate, where the complaint asserted that the administrative procedure was of no value to inmates and was a "sham.")

Williams's claim is about a "prison condition," within the meaning of the PLRA, and he must have exhausted the administrative process prior to filing suit. While the complaint shows that Williams did make efforts to gain medical attention through letters and conversations with Warden Zenk and the medical staff, these efforts do not include the required steps of the PLRA's administrative remedy process. (See generally Compl. 1-5.)

If it could be assumed that Williams's listing of the steps he took in pursuing his claim was intended to be comprehensive, then his Bivens claim would have to be dismissed under Rule 12(b)(6), without prejudice, for failure to exhaust his administrative remedies. See Morales v. Mackalm, 278 F.3d 126, 128 (2d Cir. 2002) ("If a district court dismisses a prisoner's complaint for failure to exhaust administrative remedies, it should do so without prejudice"), abrogated on other grounds by Porter v. Nussle, 534 U.S. 516 (2002).

However, keeping in mind that failure to exhaust is an affirmative defense, and that exhaustion need not be pled to state a claim, it is more appropriate in the case of this pro se

plaintiff to proceed under a summary judgment standard, giving the plaintiff an opportunity to rebut the claim of failure to exhaust in his opposition. Indeed, defendants agree that summary judgment, pursuant to Rule 56, is also an appropriate basis for dismissal as the materials outside of the complaint show that there is no genuine issue of material fact pertaining to Williams's exhaustion of the administrative remedies. (<u>See generally</u> Def. Mem.; Desai Decl.; Williams Aff.) The defendants properly filed a Local Rule 56.1 Statement and served Williams a Notice to Pro Se Litigant Opposing Motion for Summary Judgment, pursuant to Local Civil Rule 56.2.

In this case, however, Williams has not sufficiently rebutted the defendants' assertion of failure to exhaust. While Williams did attempt to file a formal complaint within the administrative procedure prior to bringing this action, the complaint was rejected for failure to first go through his unit counselor in making an informal complaint. (Desai Decl. ¶ 4.) Williams clearly did attempt informal resolution prior to filing the formal complaint (<u>see</u> <u>generally</u> Def. Mem., Williams Aff.). However, defendants suggest that it was the failure to go through his unit counselor in making these informal attempts that was not within the administrative procedure. (Desai Decl. ¶ 4.) While each Warden of a BOP facility may establish his own informal

11

resolution procedures, neither party has submitted evidence that the MDC requires informal complaints be made through a prisoner's unit counselor rather than directly to prison staff. See 28 C.F.R § 542.13(a) (stating that each Warden shall establish his own procedures for informal resolution). Regardless, it is clear that Williams has not shown the requisite exhaustion of all four steps of the administrative process, as Williams has not shown that he proceeded with the third or fourth steps of the administrative process. (See Williams Aff.) Accordingly, plaintiff's § 1983 claim is dismissed without prejudice for failure to exhaust his administrative remedies.

**(2)**

**Federal Tort Claims Act**

Read liberally, Williams's complaint also states a claim under the FTCA. The FTCA is the exclusive remedy for non-constitutional tort claims brought for the negligent or wrongful acts or omissions of any United States government employee committed while acting within the scope of employment. 28 U.S.C. § 1346(b) (2005); Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). The government waives sovereign immunity for such claims. See 28 U.S.C. § 1346(b) (2005). Suits brought under the FTCA are brought directly against the federal government, not

against individual officials, and the complaint is deemed to name the United States as defendant in the FTCA claim. See 28 U.S.C. § 2679(a); Hylton v. Fed. Bureau of Prisons, No. 00-CV-5747, 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002). Thus, FTCA claims against all named defendants are dismissed for lack of subject matter jurisdiction.

Prior to bringing an action, the FTCA requires that a claimant file an administrative claim with the appropriate federal agency and that the claim be denied. 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir. 1983). If a plaintiff does not comply with this jurisdictional prerequisite, the court has no subject matter jurisdiction over the claim. Id.; Robinson, 21 F.3d at 510.

Declarant Desai states that at no point did Williams file an administrative tort claim with the Bureau of Prisons (Desai Decl., ¶ 5.) and Williams has made no claim to the contrary. (See generally Compl. 1-5; Williams Aff.) As such, his claims under FTCA must also be dismissed, again without prejudice, pursuant to Rule 12(b)(1).

## Conclusion

Defendants' motion is granted and the complaint is dismissed against all defendants without prejudice. The Clerk of the Court is directed to close the case.

Dated: Brooklyn, NY
      December 1, 2005

SO ORDERED:

    /s/
David G. Trager
United States District Judge